## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910 | ) ) ) ) ) | Civil Action No. 18-cv-46 |
| *Plaintiff*, | ) ) | **COMPLAINT** |
| v. | ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue, NW (2822T) Washington, DC 20460 | ) ) ) ) ) | |
| *Defendant*. | ) | |

### PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("EPA" or "Defendant"), to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On June 26, 2017, Plaintiff sent a FOIA request via U.S. first class mail and by fax to Defendant seeking (1) decision documents concerning Defendant's decision to end agency support for employee fitness programs, including the rationale for this decision; (2) all communications to and from parties outside EPA on this topic from January 1,

2017 to present; (3) estimates of the number and percentage of EPA employees affected

by this decision to end fitness benefits, together with descriptions of the type of benefits

enjoyed by each employee grouping; (4) any analysis done by or for EPA concerning the

value of fitness programs for its employees, in terms of greater productivity, fewer sick

days claimed, etc.; (5) the basis for any estimate of savings to the taxpayer by this

decision, including an itemization of either one-time or ongoing costs, such as leases,

storage, or disposal of fitness equipment; and (6) documents reflecting EPA plans to

invest money saved by cutting funding for employee fitness programs, or the intended

end uses of cost savings derived from ending fitness benefits.

4. PEER seeks this information in response to a statement by EPA spokesman Jahan

Wilcox, who announced that EPA would stop funding for fitness centers for EPA

employees to "allow the agency to invest this money in core activities to protect the

environment."  The general public would be most interested to know in what way and to

what extent protection of the environment will be enhanced by cutting funding for

employee fitness programs, as well as how the agency reached such a decision.

5. On September 19, 2017, in a letter sent to PEER by electronic mail, EPA acknowledged

that it received Plaintiff's FOIA request on June 26, 2017.

6. The FOIA requires federal agencies to respond to public requests for records, including

files maintained electronically, to increase public understanding of the workings of

government and to provide access to government information.  FOIA reflects a

"profound national commitment to ensuring an open Government" and agencies must

"adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683

(Jan. 21, 2009).

7.  The FOIA requires agencies to determine within twenty working days after the receipt of
    any FOIA request whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).
    Agencies may extend this time period only in "unusual circumstances" and then only for
    a maximum of ten additional working days.  5 U.S.C. § 552(a)(6)(B)(i).

8.  To date, Defendant has not indicated that any "unusual circumstances" existed in
    regards to this FOIA request.

9.  To date, Defendant has failed to make a determination on, or produce any documents in
    response to, Plaintiff's June 26, 2017 FOIA request, Case Number EPA-HQ-2017-
    008813.

10. Defendant's conduct amounts to a denial of Plaintiff's FOIA request.  EPA is frustrating
    Plaintiff's efforts to educate the public about how and to what extent the protection of
    the environment will be enhanced by EPA cutting funding for employee fitness centers.

11. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C.
    § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to
    immediately produce the records sought in Plaintiff's FOIA request, as well as other
    appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court
    also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

13. This Court has the authority to grant declaratory relief pursuant to the Declaratory
    Judgment Act, 28 U.S.C. § 2201, *et seq*.

14. This Court is a proper venue because Defendant is a government agency that resides in
    the District of Columbia.  *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the

government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

15. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

16. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

17. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

18. Defendant, EPA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

19. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENTS OF FACT

20. On June 20, 2017, EPA spokesperson Jahan Wilcox issued a statement that read:

> *"We have ended taxpayer-funded fitness centers at EPA; a program that was costing American taxpayers $900,000 per year.  Disinvestment in using federal funds for EPA fitness centers will allow the agency to invest this money in core activities to protect the environment."*

21. On June 26, 2017, as a result of concern about the costs and benefits of ending employee fitness programs, PEER requested pursuant to FOIA, by both U.S. first class mail and by fax, copies of records and information related to this official statement issued by EPA. Specifically, PEER requested:

    a) Copies of all decision documents concerning the decision to end agency support for employee fitness programs, including the rationale for this decision;

    b) Copies of all communications to and from parties outside EPA on this topic from January 1, 2017 to present;

    c) Estimates of both the number and percentage of EPA employees affected by this decision to end fitness benefits, together with descriptions of the type of benefits enjoyed by each employee grouping;

    d) Any analysis done by or for EPA concerning the value of fitness programs for its employees, in terms of greater productivity, fewer sick days claimed, etc.;

    e) The basis for any estimate of savings to the taxpayer by this decision, including an itemization of either one-time or ongoing costs, such as leases, storage or disposal of fitness equipment;  and

    f)   Documents reflecting EPA plans to "invest this money" (in the words of Mr. Wilcox) or the intended end uses of cost savings derived from ending fitness benefits.

22. Defendant has failed to respond to Plaintiff's FOIA request.  Plaintiff requested an update on the status of Plaintiff's FOIA request on September 19, 2017 by phone, and Defendant provided by phone and electronic mail an estimated production timeline of two weeks, assuring that if more time was needed it would notify Plaintiff of that information.  <u>Defendant stated that it had received the FOIA request on June 26, 2017.</u>  Defendant did not produce any documents two weeks from this response.

23. Plaintiff requested another update on status of Plaintiff's FOIA request on November 13, 2017 by electronic mail.  On December 1, 2017, Defendant responded by electronic mail and acknowledged its failure to produce the documents requested, but did not provide any future document production timeline.

24. After receiving no additional updates, on January 2, 2018, Plaintiff contacted EPA via email to request a production deadline.  Defendant responded by stating that production was scheduled to occur in an additional six months, by May 31, 2018, or nearly a full year after the request was submitted.

25. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need for a ten day extension.  *See also* 40 C.F.R. § 2.104(a).

26. Twenty working days from June 26, 2017 (the date of Plaintiff's request and EPA's receipt of that request) was July 25, 2017.  Even assuming Defendant had claimed the additional ten working days for unusual circumstances, Defendant's response would

have been due August 8, 2017.  As of this January 9, 2018 filing, Plaintiff has not received a determination on its FOIA request or any documents responsive to its FOIA request.

27. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its June 26, 2017 FOIA request, PEER now turns to this Court to enforce the FOIA's timely guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

28. Plaintiff incorporates the allegations in the preceding paragraphs.

29. Defendant's failure to disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the U.S. Environmental Protection Agency's regulations promulgated thereunder, 40 C.F.R. § 2.1 *et. seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i.   Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, and every order of this Court;

iv.   Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.    Grant such additional and further relief to which Plaintiff may be entitled.


Respectfully submitted on January 9, 2018,

  /s/Paula Dinerstein
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pdinerstien@peer.org

*Counsel for Plaintiff*